NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 19, 2012[*]
Decided January 8, 2013

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-2987

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Eastern District of Wisconsin. |
| *v.* | No. 2:06-cr-231 |
| EXIE TATUM, JR., | Rudolph T. Randa, |
| *Defendant-Appellant.* | *Judge.* |

## O R D E R

Exie Tatum, Jr. was convicted by a jury of possession with intent to distribute controlled substances (Count I), possession of a firearm in furtherance of a drug-trafficking crime (Count II), and being a felon in possession of a firearm (Count III). Under the Sentencing Guidelines in effect at his sentencing in 2007, the amount of crack cocaine and other drugs involved in Count I triggered a base offense level of 30. U.S.S.G. § 2D1.1(c)(2) (2007). The district court sentenced Tatum within the applicable guidelines range to a term of 211 months'

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. *See* FED. R. APP. P. 34(a).

imprisonment. We affirmed his conviction, but said that he was free to file a motion in the district court under 18 U.S.C. § 3582(c)(2) for a sentence reduction under Amendment 706 to the Sentencing Guidelines. *United States v. Tatum*, 548 F.3d 584, 588 (7th Cir. 2008).

In his current appeal, he alleges that he urged the Milwaukee Federal Defender Service to file a § 3582(c)(2) motion on his behalf in 2008, but it did not do so until 2012—after he had already filed a pro se motion himself. The motion filed by the Federal Defender Service argued that Tatum's offense level should be reduced to 28 as a result of Guidelines Amendment 750. The district court accepted the applicability of the new offense level and reduced his sentence to 190 months' imprisonment. Three days later, Tatum filed a pro se "supplemental" motion seeking a further reduction under § 3582(c)(2), and arguing that the district court erred in not reducing his sentence under both Amendment 706 *and* Amendment 750. The district court denied Tatum's motion after concluding that its previous order "gave Tatum all the reduction he was entitled to, including the request for a reduction under Amendment 706." *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B). The district court was correct.

Tatum appears to have misunderstood the applicability of the amendments here in question. In 2007, the Sentencing Commission adopted Amendment 706, which reduced offense levels in most crack cocaine cases by two levels. If Tatum had been resentenced in 2008, this would have lowered Tatum's original offense level from 30 to 28. In 2011, the Sentencing Commission adopted Amendment 750, which arose from the Fair Sentencing Act of 2010 and lowered the threshold drug quantities triggering mandatory minimum sentences for certain drug offenses. But Tatum's guideline range was calculated in 2012 with the benefit of both amendments, and his base offense level calculation under Amendment 750 is still 28. Therefore, the district court could not further reduce his sentence under § 3582(c)(2).

Tatum also argues that the Federal Defender Service rendered him ineffective assistance of counsel by failing to request a sentencing reduction back in 2008, after Amendment 706 took effect. To prevail on an ineffective assistance of counsel claim, Tatum must show that (1) his trial counsel's performance was objectively "deficient"; and (2) his counsel's deficiency "prejudiced" his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). While we recognize that he had to wait four years before the Federal Defender Service filed the § 3582(c)(2) motion on his behalf, without the requisite showing of prejudice, any ineffective assistance of counsel claim must fail. There was no prejudice here. Even if the Federal Defender Service had brought Tatum's § 3582(c)(2) in motion in 2008, that would not have changed his applicable guidelines range or release date. The judgment of the district court is therefore AFFIRMED.